**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DECKERS OUTDOOR CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16-cv-03676 |
| | ) | |
| v. | ) | |
| | ) | |
| AUSTRALIAN LEATHER PTY LTD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**COMPLAINT**

Plaintiff Deckers Outdoor Corporation ("Deckers") hereby brings the present action against Australian Leather Pty Ltd ("Australian Leather") and alleges as follows:

**JURISDICTION AND VENUE**

1.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; 28 U.S.C. § 1338(a), (b); 35 U.S.C. § 1 *et seq.*; and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.     This Court may properly exercise personal jurisdiction over Defendant since Defendant directly targets its business activities toward consumers in Illinois, derives a commercial benefit from its contacts with the State of Illinois, and Defendant is causing harm to Deckers' business within the State of Illinois.  Deckers is suffering from the effects of Defendant's unlawful conduct in the State of Illinois.

1

3.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).  A substantial part of the events giving rise to Deckers' claims occurred in this judicial district. Defendant is subject to personal jurisdiction in this judicial district.

## NATURE OF THE ACTION

4.    This is an action by Deckers to combat and cease the willful sale of unlicensed, infringing products bearing Deckers' exclusive trademark and patented designs ("Infringing Products").  Defendant in this action is a seller of footwear through Internet websites including, but not limited to <australianleather.com.au> ("Defendant's Website"), the advertising and sale of which infringe Deckers' registered trademarks, common law trademarks, and design patents.

5.    As a direct and proximate result of Defendant's unlawful and active, offering for sale and/or selling such unlicensed, Infringing Products, Deckers is irreparably harmed.  Deckers seeks a permanent injunction, damages, costs, and attorney's fees as authorized by United States Code, Title 35; the Lanham Act; and Illinois law.

**The Parties**

6.    Deckers is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at Goleta, California.  Deckers designs and markets footwear identified by its famous UGG® trademark.

7.    Defendant Australian Leather Pty Ltd is an Australian business having its principal place of business in Sydney, North South Wales, Australia and upon information and belief, is a manufacturer and/or marketer of sheepskin footwear.

8.    Upon information and belief, Australian Leather owns and/or operates the Defendant's Website, and/or uses the Defendant's Website to transact its infringing and unlawful activities throughout the United States and in the State of Illinois.

2

9.      Defendant transacts business by selling, offering for sale, importing, advertising and/or distributing the Infringing Products in this judicial district at a minimum through the use of the Defendant's Website.

10.      Deckers is informed and believes, and upon that basis alleges, that Australian Leather is an entity that conducts business in this judicial district and is subject to the jurisdiction of this Court.  Deckers is informed and believes, and upon that basis alleges, that Australian Leather is an entity that is distributing, importing, displaying, advertising, promoting, selling and/or offering for sale, merchandise in this judicial district which infringes Deckers' UGG Trademark and/or Deckers' patents.

## FACTS COMMON TO ALL COUNTS

**Plaintiff's Trademarks and Patents**

11.      Deckers has become well known throughout the United States and elsewhere as a source of high quality footwear products, including the UGG brand of premium footwear. Deckers' UGG products are distributed and sold to consumers through retailers throughout the United States and on the internet, including through the website www.uggaustralia.com.

12.      Deckers has adopted, used, and owns the trademark UGG in connection with footwear.  The UGG trademark has been used continuously since at least as early as 1979 by Deckers and its predecessors in interest.  These rights are embodied, in part, in U.S. Trademark Registration No. 3,050,925 ("UGG Trademark"), a true and correct copy of which is attached hereto as Exhibit A and by this reference is herein incorporated.

13.      The Exhibit A registration is valid, has become incontestable and has not been licensed to Defendant for use in any manner whatsoever.

14. Since acquiring the UGG Trademark and the goodwill of the business in 1995, Deckers has continuously sold footwear, clothing, and accessories under the UGG Trademark. Deckers has built substantial goodwill in the UGG Trademark. The UGG Trademark is a famous mark and a valuable asset of Deckers.

15. Deckers' UGG Trademark is distinctive and signifies to members of the consuming public that the products come from Deckers and are manufactured to the highest standard of quality. Deckers' products have been widely accepted by the public and are enormously popular, as demonstrated by over $1 Billion in annual UGG sales. The UGG Trademark is a famous mark.

16. This enormous popularity of the UGG brand has resulted in an increasing number of counterfeiters in the United States and around the world.

17. Deckers is also the owner of the common law trademark CARDY™ for footwear ("CARDY Trademark"). Specifically, Deckers adopted and began using the CARDY Trademark in connection with footwear at least as early as November 2007, and has continuously used its CARDY Trademark ever since. The CARDY Trademark is distinctive and has acquired secondary meaning.

18. Deckers is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D599,999 ("the '999 Patent"). The '999 Patent was lawfully issued on September 15, 2009 with the named inventor of Jennifer MacIntyre. Attached hereto as Exhibit B is a true and correct copy of the '999 Patent.

19. Deckers is the lawful assignee of all right, title, and interest in and to the United States Design Patent No. D616,189 ("the '189 Patent"). The '189 Patent was lawfully issued on

May 25, 2010 with the named inventor of Jennifer MacIntyre.  Attached hereto as Exhibit C is a true and correct copy of the '189 Patent.

20.     Deckers is the lawful assignee of all right, title, and interest in and to the United States Design Patent No. D582,650 ("the '650 Patent"). The '650 Patent was lawfully issued on December 16, 2008 with the named inventor of Sarah Uratsu. Attached hereto as Exhibit D is a true and correct copy of the '650 Patent.

21.     Deckers is the lawful assignee of all right, title, and interest in and to the United States Design Patent No. D705,529 ("the '529 Patent"). The '529 Patent was lawfully issued on May 27, 2014 with the named inventor of Natalie Ng. Attached hereto as Exhibit E is a true and correct copy of the '529 Patent.

22.     Deckers has not granted a license or any other form of permission to Defendant to the designs protected by the '999 Patent, the '189 Patent, the '650 Patent, and the '529 Patent.


**Defendant's Unlawful Conduct**

23.     Defendant is involved in the importation, manufacture, purchase, distribution, offering for sale and/or sale of footwear and related goods bearing marks that are counterfeit and/or infringing reproductions of the UGG Trademark to the general public, including through sales over the internet to Illinois residents using the Defendant's Website.  Specifically, Defendant is using the marks "UGG," "CARDY," "and variations thereof ("the Infringing Marks") on footwear in U.S. commerce which is likely to cause confusion, mistake and deception among consumers or potential consumers as to the source or origin of Defendant's goods and the sponsorship or endorsement of those goods by Deckers.  Defendant's use of trademarks that are identical with or substantially indistinguishable from the UGG marks constitutes use of a counterfeit mark.

24.     Defendant has also made unauthorized use of the trademark CARDY in connection in Internet sales of footwear in U.S. commerce and to Illinois residents. Such unauthorized use of the CARDY Trademark is likely to cause confusion, mistake, and deception and infringes Deckers common law rights in the CARDY Trademark.

25.     Defendant is involved in the importation, offering for sale and/or sale of footwear that infringes the '999 Patent, the '189 Patent, the '650 Patent, and the '529 Patent.

26.     Photos of footwear sold by the Defendant in this judicial district are shown below in reference to Deckers' patents:


**Defendant's One Button Boot**


**Deckers' Patent Number D599,999**



**Defendant's Three Button Boot**



**Deckers' Patent Number D616,189**



**Defendant's "Cardy" Boot**



**Deckers' Patent Number D582,650**



**Defendant's Side Bow Boot**　　　　**Deckers' Patent Number D705,529**

27.　　As evidenced by the photos below, Defendant is using infringing and counterfeit reproductions of Deckers' UGG and CARDY Trademarks.



**Defendant's Website Displaying Deckers' UGG Trademark on Homepage**



**Defendant's Website Displaying Deckers' UGG Trademark on Products Page**



**Defendant's Website Displaying Deckers' UGG Trademark on Products**



**Defendant's Website Displaying Deckers' UGG and CARDY Trademarks**



**Button of Defendant's Counterfeit Footwear**



**Heel label of Defendant's Counterfeit Footwear**



**Outsole of Defendant's Counterfeit Footwear**

 

**Hang Tag of Defendant's Counterfeit Footwear**

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement 15 U.S.C. § 1114, 1125)

28.     Deckers repeats and alleges the allegations set forth in paragraphs 1 through 27 above, as if set forth fully herein.

29.     Deckers owns the exclusive rights to the UGG Trademark.  Deckers' use of the UGG Trademark in the United States predates that of Defendant.

30.     Notwithstanding Deckers' well known and prior common law and statutory rights in the UGG Trademark, Defendant has, with constructive notice, and on information and belief actual notice, of Deckers' federal registration rights, and long after Deckers established its rights in the UGG Trademark, adopted and used the Infringing Marks in conjunction with the sale and transportation of footwear in interstate commerce.

31.     Defendant's use of the Infringing Marks without the authorization of Deckers is likely to deceive and cause confusion, mistake and deception among consumers or potential consumers as to the source or origin of Defendant's goods and the sponsorship or endorsement of those goods by Deckers.

32.     Deckers has not authorized, licensed or otherwise condoned or consented to Defendant's use of the Infringing Marks.

33.     Such confusion, deception and mistake has occurred as a direct result of Defendant's display, advertising and promotion, of the infringing footwear and other merchandise.

34.     Despite the fact that Defendant has knowledge of Deckers' rights to the UGG Trademark, Defendant has used, and upon information and belief, will continue to use the Infringing Marks in complete disregard of Deckers' rights.

35.     Defendant has misappropriated Deckers' substantial rights in and to the UGG Trademark, as well as the goodwill associated therewith.  Unless restrained and enjoined by this Court, such conduct will permit Defendant to gain an unfair competitive advantage over Deckers, enjoy the selling power of the UGG Trademark, allow Defendant to interfere with Deckers' continued promotion and expansion of the UGG Trademark, and allow Defendant to palm off its products as those being produced by, sponsored or authorized by Deckers.

36.     The acts of Defendant alleged in Paragraphs 28 – 34 above were committed willfully, and on information and belief, with full knowledge of Deckers' rights and with the intention of deceiving and misleading the public.

37.     Defendant's infringing activities will continue to cause irreparable injury to Deckers if Defendant is not restrained by the Court from further violation of Deckers' rights. As a direct and proximate result of Defendant's unlawful infringement, Deckers has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial.  Deckers is entitled to all available relief provided for in 15 U.S.C. §1117, 1118 and 1125 including preliminary and permanent injunctive relief, statutory damages, or in lieu thereof Defendant's profits, treble damages, costs and attorneys' fees.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition and False Designation of Origin 15 U.S.C.§ 1125(a))

38.     Deckers repeats and re-alleges the allegations set forth in paragraphs 1 through 37 above, as if set forth fully herein.

39.     Deckers owns the exclusive rights to the UGG® Trademark.  Deckers' use of the UGG Trademark in the United States predates that of Defendant's. Deckers also owns exclusive rights to the CARDY Trademark and Deckers use thereof predates that of Defendant.

13

40.     Notwithstanding Deckers' well known and prior statutory rights and common law in the UGG and CARDY Trademarks, Defendant has, with constructive notice of Deckers' federal registration rights, on information and belief actual notice of its UGG and CARDY Trademarks, and long after Deckers established its rights in the UGG and CARDY Trademarks, adopted and used the Infringing Marks in conjunction with the manufacture, purchase, distribution, offer of sale and sale of footwear in interstate commerce.

41.     Defendant's use of the Infringing Marks without the authorization of Deckers is likely to deceive and cause confusion, mistake and deception among consumers or potential consumers as to the source or origin of Defendant's goods and the sponsorship or endorsement of those goods by Deckers.

42.     Defendant's use of the Infringing Marks without the authorization of Deckers is likely to deceive and cause confusion, mistake and deception among consumers or potential consumers as to the source or origin of Deckers' goods and the sponsorship or endorsement of those goods by Defendant.

43.     Deckers has not authorized, licensed or otherwise condoned or consented to Defendant's use of the Infringing Marks.

44.     Such confusion, deception and mistake has occurred as a direct result of Defendant's use of the Infringing Marks in connection with the display, advertising and promotion, of footwear and other merchandise.

45.     Despite the fact that Defendant has knowledge of Deckers' rights to the UGG and CARDY Trademarks, Defendant has used, and upon information and belief, will continue to use the Infringing Marks in complete disregard of Deckers' rights.

46. Defendant has misappropriated Deckers' substantial rights in and to the UGG and CARDY Trademarks, as well as the goodwill associated therewith. Unless restrained and enjoined by this Court, such conduct will permit Defendant to gain an unfair competitive advantage over Deckers, enjoy the selling power of the UGG and CARDY Trademark, allow Defendant to improperly blunt and interfere with Deckers' continued promotion and expansion of the UGG and CARDY Trademarks, and allow Defendant to palm off their products as those being produced by, sponsored or authorized by Deckers.

47. On information and belief the acts of Defendant alleged in Paragraphs 38 - 45 above were committed willfully with full knowledge of Deckers' rights and with the intention of deceiving and misleading the public.

48. Defendant's infringing activities will continue to cause irreparable injury to Deckers if Defendant is not restrained by the Court from further violation of Deckers' rights.

49. As a direct and proximate result of Defendant's unlawful infringement, Deckers has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial. Deckers is entitled to all available relief provided for in 15 U.S.C. § 1117, 1118 and 1125 including preliminary and permanent injunctive relief, Defendant's profits, treble damages, costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF

### (Patent Infringement of United States Design Patent No. D599,999)

50. Deckers repeats and re-alleges the allegations set forth in paragraphs 1 through 49 above, as if set forth fully herein.

51.     Defendant sells, offers for sale, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '999 Patent.

52.     Defendant has infringed the '999 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Deckers to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions. Deckers is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

53.     Deckers is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Deckers is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## FOURTH CLAIM FOR RELIEF

### (Patent Infringement of United States Design Patent No. D616,189)

54.     Deckers repeats and re-alleges the allegations set forth in paragraphs 1 through 53 above, as if set forth fully herein.

55.     Defendant sells, offers for sale, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '189 Patent.

56.     Defendant has infringed the '189 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Deckers to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions. Deckers is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

57.     Deckers is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Deckers is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## FIFTH CLAIM FOR RELIEF

### (Patent Infringement of United States Design Patent No. D582, 650)

58.     Deckers repeats and re-alleges the allegations set forth in paragraphs 1 through 57 above, as if set forth fully herein.

59.     Defendant sells, offers for sale, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '650 Patent.

60.     Defendant has infringed the '650 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Deckers to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions. Deckers is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

61.     Deckers is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Deckers is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## SIXTH CLAIM FOR RELIEF

### (Patent Infringement of United States Design Patent No. D705,529)

62.     Deckers repeats and re-alleges the allegations set forth in paragraphs 1 through 61 above, as if set forth fully herein.

63.     Defendant sells, offers for sale, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '529 Patent.

64.     Defendant has infringed the '529 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Deckers to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions. Deckers is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

65.     Deckers is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Deckers is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## SEVENTH CLAIM FOR RELIEF

### (VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT 815 ILCS § 510, *et seq.*)

66.     Deckers hereby repeats and re-alleges the allegations set forth in paragraphs 1 through 65, above, as if set forth fully herein.

67.     Defendant's appropriation, adoption and use of the Infringing Marks on or in connection with the sale and offering for sale of footwear is likely to confuse or mislead consumers into believing that Defendant's goods are sponsored, affiliated, or approved by Deckers, thus constituting a violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

68.     On information and belief, the deceptive, unfair, and fraudulent practices set forth in paragraphs 1-65 above have been undertaken with knowledge by Defendant willfully with the

18

intention of causing harm to Deckers and for the calculated purpose of misappropriating Plaintiff's goodwill and business reputation.

69.    Defendant's use of the Infringing Marks has deprived Deckers of the opportunity to conduct business using its trademarks and deprived Deckers of the right to control the use of its trademarks.

70.    As a direct and proximate result of Defendant's unlawful infringement, Deckers has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial. Deckers is entitled to all available relief provided for in the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*. including permanent injunctive relief.

71.    On information and belief, Defendant committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure Deckers in its business and with conscious disregard for Deckers' rights, thereby justifying awards of punitive and exemplary damages in amounts sufficient to punish and to set an example for others.

## EIGHTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

72.    Deckers hereby repeats and re-alleges the allegations set forth in paragraphs 1 through 71, above, as if set forth fully herein.

73.    Deckers' use of the CARDY Trademark in the United States predates that of Defendant.

74.    The CARDY Trademark is distinctive and has acquired secondary meaning.

75.     Notwithstanding Deckers' prior common law rights in the CARDY Trademark Defendant has made unauthorized use of the CARDY mark in conjunction with the sale and transportation of footwear in interstate commerce and in the state of Illinois.

76.     Defendant's use of the CARDY mark without the authorization of Deckers is likely to cause confusion, mistake, and deception among consumers or potential consumers as to the source or origin of Defendant's goods and the sponsorship or endorsement of those goods by Deckers.

77.     On information and belief, the acts of Defendant alleged in Paragraphs 73 – 76 above were committed willfully with full knowledge of Deckers' rights in the CARDY Trademark and with the intention of deceiving and misleading the public.

78.     Defendant's infringing activities will continue to cause irreparable injury to Deckers if Defendant is not restrained by the Court from further violation of Deckers' rights. As a direct and proximate result of Defendant's unlawful infringement, Deckers has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Deckers prays that the Court enter an Order against Defendant as follows:

1.     Defendant, its officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a.  further infringing Deckers' UGG and CARDY Trademarks by importing, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing

of any goods, including, but not limited to footwear and related merchandise, bearing the Infringing Marks or variations thereof or any other simulation, reproduction, counterfeit, copy or colorable imitation of Deckers' UGG and CARDY Trademarks;

b. using any simulation, reproduction, counterfeit, copy or colorable imitation of Deckers' UGG and CARDY Trademarks in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution (including, but not limited to, use of Internet websites including, but not limited to <australianleather.com.au>) of any products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Deckers, or to any goods sold, manufactured, sponsored or approved by, or connected with Deckers;

c. making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed or sold by Defendant are in any manner associated or sponsored by or connected with Deckers, or are sold, manufactured, licensed, sponsored, approved or authorized by Deckers;

d. using any mark likely to dilute or tarnish Deckers' famous UGG Trademark;

e. importing, offering for sale, or selling any products not authorized by Deckers and that includes any reproduction, copy or colorable imitation of the design claimed in Deckers' '999 Patent;

f. importing, offering for sale, or selling any products not authorized by Deckers and that includes any reproduction, copy or colorable imitation of the design claimed in Deckers' '189 Patent;

21

g. importing, offering for sale, or selling any products not authorized by Deckers and that includes any reproduction, copy or colorable imitation of the design claimed in Deckers' '650 Patent;

h. importing, offering for sale, or selling any products not authorized by Deckers and that includes any reproduction, copy or colorable imitation of the design claimed in Deckers' '529 Patent;

i. otherwise competing unfairly with Deckers in any manner;

j. effecting assignments or transfers, forming new entities or association or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (i);

k. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Deckers, nor authorized by Deckers to be sold or offered for sale, and which bear Deckers' UGG and CARDY Trademarks or any reproduction, counterfeit copy or colorable imitation thereof;

l. aiding, abetting, contributing to or otherwise assisting anyone from infringing upon Deckers' UGG and CARDY Trademarks, Deckers' '999 Patent, '189 Patent, ' 650 Patent, or '529 Patent;

m. using, linking to, transferring, selling, exercising control over, or otherwise owning <australianleather.com.au> and any other domain name that is being used to sell unauthorized UGG products; and

n. operating and/or hosting websites at the <australianleather.com.au> domain name and any other domain name registered or operated by Defendant that is involved with the

distribution, advertising, offering for sale, or sale of any product that is not a genuine Deckers' UGG or CARDY product or not authorized by Deckers to be sold in connection with Deckers' UGG and CARDY Trademarks, including <australianleather.com.au>.

2.      Directing that Defendant deliver for destruction all footwear, and labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing the marks "UGG," "CARDY," and variations thereof or any simulation, reproduction, counterfeit, copy or colorable imitations of the UGG and CARDY Trademarks, as well as footwear bearing the patented designs of Deckers' '999 Patent, '189 Patent, '650 Patent, and '529 Patent and all plates, molds, heat transfers, screens, matrices and other means of making the same.

3.      Entering an Order that, upon Deckers' request, those in privity with Defendant, including any web hosts, online retailers and marketplaces such as Amazon and eBay, social media platforms such as Facebook, YouTube, Pinterest and Twitter that are provided with notice of the Order, cease facilitating access to any and all websites through which Defendant engages in the sale of goods using the Infringing Marks or variations thereof or any simulation, reproduction, counterfeit, copy or colorable imitation of Deckers' UGG and CARDY Trademarks;

4.      Entering an Order that, upon Deckers' request, those in privity with Defendant and those with notice of the injunction, including any Internet search engines such as Google, Bing and Yahoo:

a.   disable and cease providing services for any accounts through which Defendant engages in the sale of goods using the UGG and CARDY Trademarks, including links to <australianleather.com.au>;

    b.  disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods using the UGG and CARDY Trademarks; and

    c.  take all steps necessary to prevent links to <australianleather.com.au> from displaying in any search results, including, but not limited to, removing links to any portion of any website associated with Defendant and <australianleather.com.au> from any search index;

5.    Entering an Order that the registrars for Defendant's domains including the registrar of <australianleather.com.au> shall take any steps necessary to transfer the Defendant's domain name <australianleather.com.au> to a registrar of Deckers' selection so the domain name may no longer be used for illegal purposes.

6.    Entering an Order that any banks, savings and loan associations, payment processors, PayPal, Alipay or other financial institutions, for Defendant or Defendant's websites shall within two (2) business days of receipt of this Order:

    a.  Locate all accounts connected to Defendant or Defendant's Website, including, but not limited to, any PayPal and Alipay accounts;

    b.  Restrain and enjoin such accounts from transferring or disposing of any money or other of Defendant's assets; and

    c.  Transfer any funds restrained in such accounts to Deckers within ten (10) business days of receipt of this Order.

7.    Entering an Order that until Deckers has recovered full payment of monies owed to it by the Defendant, Deckers shall have the ongoing authority to direct any banks, savings and loan associations, or other financial institutions including, without limitation, PayPal and Alipay (collectively, the "Financial Service Providers") in the event that any new financial accounts

24

controlled or operated by Defendant are identified. The Financial Service Providers shall in particular:

    a.   Locate all accounts connected to Defendant or Defendant's Website, including, but not limited to, any PayPal accounts; and

    b.   Restrain and enjoin such accounts from transferring or disposing of any money or other of Defendant's assets; and

    c.   Transfer any funds restrained in such accounts to Deckers within ten (10) business days of receipt of this Order.

8.    Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendant are authorized by Deckers, or related in any way to Deckers' products.

9.    That Deckers be awarded from Defendant, as a result of Defendant's use of the Infringing Marks three times Deckers' damages there from and three times of Defendant's profits there from, after an accounting, pursuant to 15 U.S.C. § 1114 and § 1117.

10.    In the alternative, that Deckers be awarded statutory damages for trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $200,000 for each and every counterfeit use of the UGG Trademark, and to the extent this Court finds such counterfeiting was willful, $2,000,000;

11.    Awarding Deckers its reasonable attorney's fees and investigative fees pursuant to 15 U.S.C. § 1117.

12.    Awarding Deckers such damages as it shall prove at trial against Defendant that are adequate to compensate Deckers for infringement of Deckers' '999, '189, '650, and '529 Patents, and all of the profits realized by Defendant, or others acting in concert or participation with it,

from Defendant's unauthorized use and infringement of Deckers' '999, '189, '650, and '529 Patents.

13.     Awarding Deckers punitive damages for Defendant's willful acts of deceptive practices under Illinois law.

14.     Awarding Deckers its costs in bringing this action.

15.     Awarding Deckers any further relief that this Court deems just and proper

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Deckers Outdoor Corporation hereby demands a trial by jury of all issues so triable.

Dated this 28th day of March 2016.          Respectfully submitted,

/s/ Paul G. Juettner_____
Paul G. Juettner
Justin R. Gaudio
RiKaleigh C. Johnson
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
pjuettner@gbclaw.net
jgaudio@gbclaw.net
jbloodgood@gbclaw.net
*Counsel for Plaintiff*
*Deckers Outdoor Corporation*