DECKERS OUTDOOR CORPORATION,

      Plaintiff,

      v.

AUSTRALIAN LEATHER PTY. LTD., and
ADNAN OYGUR a/k/a EDDIE OYGUR,

      Defendants.

No. 16 CV 3676

Judge Manish S. Shah

## MEMORANDUM OPINION AND ORDER

Deckers Outdoor Corporation alleges that Australian Leather Pty. Ltd., an Australian company, and its owner, Adnan Oygur, manufactured and sold infringing sheepskin footwear reproductions. Australian Leather brings counterclaims and does not contest this court's personal jurisdiction, [28],* but Oygur moves to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. [30]. For the following reasons, the motion to dismiss is denied.

## I. Background

Adnan (a/k/a Eddie) Oygur, an Australian citizen, is the owner and managing director of Australian Leather Pty. Ltd., a small business located in Sydney, Australia. [28] ¶¶ 7–8; [31-1] ¶¶ 2–3; [48-1] ¶¶ 2–4. Australian Leather sells footwear, using the terms "ugg" and "cardy;" Deckers Outdoor Corporation, a

---

* Bracketed numbers refer to entries on the district court docket.

Delaware corporation with its principal place of business in California, asserts trademarks over the terms UGG® and CARDY™ and asserts footwear design patents. [26] ¶ 6; [28] ¶¶ 13, 18–22, 24–25. Australian Leather has sold allegedly infringing footwear to Illinois through its website, including to investigators for Deckers. [28] ¶¶ 9, 11; [41] ¶¶ 1–3, 5.

As managing director of Australian Leather, Oygur undertakes a wide variety of roles to keep the business running. [48-1] ¶ 3. Oygur personally designed and developed the allegedly infringing products and also participated in the offer for sale and the sale of various products sold by Australian Leather. [28] ¶ 8; [41-8] at 4–6. On occasion, he also assists in packing products for shipment. [48-1] ¶ 6. Australian Leather's PayPal account lists Oygur as the account user, lists Oygur's company and personal email address as the email addresses on the PayPal account, and is backed by several credit cards registered under Oygur's name. [41] ¶ 4. Oygur asserts, however, that Australian Leather's PayPal account is used exclusively for the company's business activities, [48-1] ¶ 5, and that the linked bank account is in Australian Leather's name. [48] at 3. Oygur also promotes Australian Leather on his personal social media pages. [41] ¶ 7.

## II.    Legal Standards

Federal Rule of Civil Procedure 12(b)(2) governs dismissals based on lack of personal jurisdiction. A plaintiff has the burden of establishing personal jurisdiction, and where, as here, the issue is raised by a motion to dismiss and decided on the basis of written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Tamburo v.*

*Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). At this stage, all well-pleaded facts alleged in the complaint are taken as true and any factual disputes in affidavits are resolved in plaintiffs' favor. *Id.* Where no federal statute authorizes nationwide service of process, personal jurisdiction is governed by the law of the forum state. Fed. R. Civ. P. 4(k)(1)(A); *Tamburo*, 601 F.3d at 700. Because the Illinois long-arm statute permits the exercise of jurisdiction to the full extent permitted by federal due process, here the state statutory and federal constitutional inquiries merge. *Tamburo*, 601 F.3d at 700.

## III.   Analysis

Deckers makes no argument for general jurisdiction over Oygur, an Australian citizen, so Deckers must make a prima facie showing of jurisdictional facts sufficient to support specific jurisdiction. Specific jurisdiction exists when the defendant's suit-related conduct "create[s] a substantial connection with the forum State," *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014), and is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities. *Tamburo*, 601 F.3d at 702 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). The exercise of specific personal jurisdiction must also comport with traditional notions of fair play and substantial justice as required by the Fourteenth Amendment's Due Process Clause. *Id.* (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

While Oygur argues that he has no contacts with Illinois, he admits that he designed and facilitated the sale of the allegedly infringing products sold to Illinois. As the owner and manager of Australian Leather, Oygur personally directs the company to make its contacts with Illinois. It is not the case that he has no contacts with Illinois. The questions are whether these contacts are attributable to him or whether they were merely done on behalf of Australian Leather, and how that attribution bears on personal jurisdiction. Deckers argues that Oygur's personal involvement in the alleged infringement—specifically, designing and selling Australian Leather's allegedly infringing products, including products sold to Illinois—subjects him to personal jurisdiction. Deckers cites *Dangler v. Imperial Mach. Co.*, 11 F.2d 945, 947 (7th Cir. 1926), and *Peaceable Planet, Inc. v. Ty, Inc.*, 362 F.3d 986, 994 (7th Cir. 2004), for the proposition that managing officers of a company can be personally liable for infringement if they personally participate in the manufacture or sale of an infringing product. Oygur argues that there is no personal jurisdiction because his acts were undertaken as an agent for Australian Leather, and not in Oygur's personal capacity. (Oygur does not dispute the general proposition that sale of an allegedly infringing product to the forum state creates specific jurisdiction.)

While personal liability may be a related issue, it is a defendant's suit-related contacts with the forum that create specific jurisdiction. *Walden*, 134 S.Ct. at 1121; *see also Central States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000) (liability and personal jurisdiction are "two

separate inquiries"—in the absence of minimum contacts, liability cannot confer jurisdiction). Here, the inquiry for specific jurisdiction is whether Oygur's jurisdictional contacts with Illinois were created in his capacity as an agent of Australian Leather and whether that can shield him from personal jurisdiction.

Essentially, Oygur is invoking the "fiduciary shield" doctrine. The fiduciary shield doctrine is recognized in Illinois (but not all states) and "denies personal jurisdiction over an individual whose presence and activity in the state in which the suit is brought were solely on behalf of his employer or other principal." *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 912 (7th Cir. 1994) (citing *Rollins v. Ellwood*, 141 Ill.2d 244, 267–78 (1990)). The idea behind the doctrine is that it would be unfair to subject an employee to personal jurisdiction for acts within the scope of their employment when the employee "has little or no alternative besides unemployment when ordered to enter another State to carry out the wishes of his employer." *Rollins*, 141 Ill.2d at 280. It is an equitable doctrine subject to judicial discretion. *See Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 903 (2d Cir. 1981); *In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.*, 750 F.Supp. 330, 335 (N.D. Ill. 1990) (Easterbrook, J., sitting by designation).

Because the doctrine is grounded in fairness, the shield does not apply if the individual was also acting to serve his personal interests (including pecuniary interest), *Rice*, 38 F.3d at 912, and does not apply when the individual has discretion over his actions. *Consumer Benefit Servs., Inc. v. Encore Mktg. Int'l, Inc.*, No. 01 C 6985, 2002 WL 31427021, at *3 (N.D. Ill. Oct. 30, 2002) (collecting cases).

Exceptions to the fiduciary shield doctrine are found, for example, where a company is the alter ego of a defendant or where the defendant is a high-ranking company officer or shareholder with decision-making authority and a direct financial stake in the company. *See Marine Midland*, 664 F.2d at 903; *In re Mahurkar*, 750 F.Supp. at 335; *Consumer Benefit*, 2002 WL 31427021, at *3 (collecting cases). Deckers has made a prima facie showing that Oygur, as owner, has a direct financial stake in the company, and that, as managing director, he designed and facilitated the sale of the allegedly infringing products, some of which were sold to Illinois. Oygur is not an employee whose jurisdictional contacts with Illinois arose pursuant to another's orders, and his actions go beyond mere ownership of the corporation to supply the connection to Illinois—there is a prima facie showing that he caused the company to sell goods in Illinois. In these circumstances, the fiduciary shield doctrine does not apply to preclude personal jurisdiction over Oygur.

Oygur asserts, however, that there can be no personal jurisdiction because the complaint is devoid of any allegations that the corporate veil should be pierced. He argues that there is no reason to disregard Australian Leather as a corporate entity. But a finding of personal jurisdiction does not require piercing the corporate veil. *See Consumer Benefit*, 2002 WL 31427021, at *3 (fiduciary shield doctrine does not protect high-ranking officers who are in a position to decide whether Illinois jurisdictional contacts should be made at all); *In re Mahurkar*, 750 F.Supp. at 335 ("One common reason to deny defendants the benefit of the shield is failure to maintain adequate separation between the person and the corporation—perhaps

not enough of a breakdown to justify holding the person liable for the corporation's debts, but enough of one to justify treating the personal acts as a source of personal (as opposed to corporate) liability."); *Torco Oil Co. v. Innovative Thermal Corp.*, 730 F.Supp. 126, 136–37 (N.D. Ill. 1989) (alter ego exception to the fiduciary shield doctrine requires only a "minimally viable" showing that the corporation is a "sham") (collecting cases). Oygur's citation to *Iovate Health Sciences, Inc. v. Allmax Nutrition, Inc.*, 549 F.Supp.2d 127, 128 (D. Mass. 2008)—which declined to exercise personal jurisdiction over the president of a corporation accused of infringement, in the absence of grounds to pierce the corporate veil—is not persuasive. *Iovate* specifically noted that the corporation at issue was *not* closely-held by the individual defendant, unlike here where Oygur is the sole owner, and it is unclear whether the corporate officer in *Iovate* had personal involvement with alleged infringement, whereas here Oygur designed and helped sell the footwear at issue.

Exercising personal jurisdiction over Oygur does not offend traditional notions of fair play and substantial justice. Relevant factors include the burden on Oygur, Illinois's interest in adjudicating the dispute, Deckers's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and states' shared interest in further fundamental substantive social policies. *See Tamburo*, 601 F.3d at 709 (citing *Burger King*, 471 U.S. at 477). It will not significantly burden Oygur to defend claims in Illinois. Although an Australian citizen, his company has conceded personal jurisdiction and asserted several counterclaims against Deckers. Given his

role as owner and managing director Australian Leather, and as designer of the allegedly infringing goods, Oygur will be significantly involved in the case regardless of the claims against him personally. He also shares an attorney with the company. Illinois has an interest in adjudicating a dispute over allegedly counterfeit products sold to Illinois residents, and resolving these related issues in a single litigation comports with notions of fair play.

This court has personal jurisdiction over Oygur.

## IV.  Conclusion

Oygur's motion to dismiss, [30], is denied.

ENTER:

Manish S. Shah
United States District Judge

Date: 1/27/2017