IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AUSTRALIAN LEATHER PTY LTD and<br>ADNAN OYGUR a/k/a EDDIE OYGUR,<br><br>　　　　Defendants. | Case No. 16-cv-03676<br><br>Judge Manish S. Shah |

**FINAL JUDGMENT AND PERMANENT INJUNCTION**

Plaintiff/Counter-Defendant Deckers Outdoor Corporation ("Deckers") filed this action against Defendant/Counter-Claimant Australian Leather Pty. Ltd. ("Australian Leather") and Defendant Adnan "Eddie" Oygur ("Oygur") (collectively, "Defendants") asserting infringement of its **UGG** trademark and U.S. trademark registration No. 3,050,925 therefor (Deckers' federal and common law rights in and to the **UGG** trademark are referred to hereinafter as the "**UGG** Trademark"), common law **CARDY**™ trademark (the "**CARDY** Trademark"), and design patent Nos. D599,999, D616,189, D582,650 and D705,529 ("Deckers' Design Patents"). Specifically, Deckers' Amended Complaint [26] alleges infringement of Deckers' **UGG** Trademark under the Lanham Act, 15 U.S.C. §§ 1114, 1125 (Count I), unfair competition and false designation of origin of Deckers' **UGG** and **CARDY** Trademarks under the Lanham Act, 15 U.S.C. § 1125(a) (Count II), infringement of United States Design Patent No. D599,999 (Count III), infringement of United States Design Patent No. D616,189 (Count IV), infringement of United States Design Patent

No. D582,650 (Count V), infringement of United States Design Patent No. D705,529 (Count VI), violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510, *et seq.* (Count VII), common law trademark infringement of Deckers' **CARDY** Trademark (Count VIII), and common law trademark infringement Deckers' **UGG** Trademark (Count IX). [26]. Defendants answered and asserted affirmative defenses alleging, *inter alia*, invalidity, unenforceability and non-infringement of Deckers' **UGG** and **CARDY** Trademarks and Design Patents. [28, 55]. Australian Leather asserted thirteen counterclaims. [53].

This Court granted-in-part Deckers' motion for partial summary judgement pursuant to Fed. R. Civ. P. 56(a). [219].

Deckers and Defendants have stipulated that each of Deckers' Design Patents is valid, enforceable, and infringed by Defendants. [237].

Deckers and Defendants have stipulated that Deckers' **CARDY** Trademark is valid, enforceable, and infringed by Defendants and that Defendants' use of the **CARDY** trademark in commerce constitutes (a) unfair competition and false designation of origin under 15 U.S.C. § 1125(a), and (b) a violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510, *et seq.* [237].

Deckers and Defendants have further stipulated that Defendants' liability concerning the common law **UGG** trademark under Deckers' Amended Complaint [26] Count II (15 U.S.C. § 1125(a)), Count VII (Illinois Uniform Deceptive Trade Practices Act), and Count IX (common law trademark infringement) stands or falls with Defendants' liability under Deckers' trademark infringement Count I (**UGG®** federal trademark infringement). [238].

On May 10, 2019, following a four-day jury trial, the jury returned a verdict in favor of Deckers finding that Defendants Australian Leather and Oygur each willfully infringed Deckers' **UGG** and **CARDY** Trademarks and each willfully counterfeited Deckers' **UGG** Trademark. The jury awarded statutory damages against Defendants and recoverable by Deckers for willful trademark counterfeiting in the amount of $450,000. [270, 271].

Defendants' unclean hands defense ([28] and [55], 8th Affirmative Defense) and counterclaim ([53], Count I, ¶ 64(c), asserted by Counterclaimant Australian Leather only), and Deckers' claim of willful patent infringement were tried to the Court on May 10, 2019. On December 19, 2019, the Court entered an Order in favor of Deckers and against Defendants/Counterclaimant on Defendants' unclean hands defense and Counterclaimant Australian Leather's counterclaim. [286, 287].

IT IS HEREBY ORDERED that judgment is entered in favor of Deckers and against Defendants on all Counts I – IX of the Amended Complaint [26], and further that judgment is entered in favor of Deckers and against Australian Leather on all Counts I – XIII of Australian Leather's Counterclaims [53].

IT IS FURTHER ORDERED that:

1. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages in the amount of $450,000 for willful counterfeiting of Deckers' registered **UGG** Trademark, for which damages Defendants are jointly and severally liable.

2. Defendants and their officers, agents, servants, employees and attorneys, and all other persons who are in active concert or participation with any of the foregoing, are hereby permanently enjoined and restrained from:

a. Using, or inducing or enabling others to use, the **UGG** mark or designation, or any reproduction, counterfeit, copy, or colorable imitation thereof, in any manner and in any format, case or spelling, on or in connection with the sale, offering for sale, distribution, or advertising of any product in the United States or its territories;

b. Using, or inducing or enabling others to use, the **CARDY** mark or designation, or any reproduction, counterfeit, copy, or colorable imitation thereof, in any manner and in any format, case or spelling, on or in connection with the sale, offer for sale, distribution, or advertising of any product in the United States or its territories;

c. passing off or falsely designating, or inducing or enabling others to pass off or falsely designate, any product in United States commerce as an **UGG** or **CARDY** product or as a product produced by, originating from, or authorized by Deckers;

d. committing any acts, or inducing or enabling others to commit any acts, calculated to cause consumers in the United States or its territories to believe that Defendants' products are sold under the authorization, control or supervision of Deckers, or are sponsored by, approved by, or otherwise connected or associated with Deckers;

e. shipping, exporting, importing, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or disposing of, in any manner, products or inventory that satisfy all three of the following conditions: (i) they are neither manufactured by or for Deckers nor

      authorized by Deckers, (ii) they are to be distributed, marketed, advertised, offered for sale, or sold in United States commerce, and (iii) they bear, or are distributed, marketed, advertised, offered for sale or sold in connection with, any **UGG** or **CARDY** Trademarks or any reproduction, counterfeit, copy or colorable imitation thereof;

    f. offering for sale or selling in, exporting to, and/or importing into United States commerce any products not authorized by Deckers and that include any reproduction, copy or colorable imitation of the designs claimed in Deckers' Design Patents until the expiration of the applicable patent(s); and

    g. aiding, abetting, contributing to, enabling, inducing, or otherwise assisting others in infringing Deckers' Design Patents until the expiration of the applicable patent(s).

3. Defendants and their officers, agents, servants, employees, attorneys, and all other persons who are in active concert or participation with any of them, shall immediately and permanently cease use of all marketing, promotional, and other materials (whether physical or electronic) bearing the designation "UGG" or "Cardy", in any format, case or spelling, as, or as part of, a trademark, service mark, trade name, label, or product name, description or designation in or intentionally directed to the United States or its territories. Defendants shall use available geo-blocking or geo-fencing technology to prevent marketing, promotional, and other social media posts or communications bearing the designation "UGG" or "Cardy", in any format, case

or spelling, as, or as part of, a trademark, service mark, trade name, label, or product name, description or designation from reaching the United States or its territories.

4. As the prevailing party, Deckers is awarded its costs pursuant to Fed. R. Civ. P. 54(d)(1).

This is a Final Judgment against Defendants.

DATED: February 6, 2020

Manish S. Shah
United States District Judge